UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ONYEKACHI NWABUKO et al,

    Plaintiffs,

v.

                                      CASE NO. 8:26-cv-00148-SDM-AAS

PATIRCK MOURATOGLOU et al,

    Defendants,

_____/

**ORDER**

Alleging conversion, fraudulent inducement, breach of contract, civil RICO violations, and violations of the FTC Act, Onyekachi Nwabuko and Shristi Shrestha sue (Doc. 1) Patrick Mouratoglou, Tennis Pro Florida, LLC, Pascal Collard, Gabriella Collard, Mouratoglou Tennis Center Zephyrhills, LLC, and Mouratoglou Academy U.S. Holdings, Inc. The defendants move (Docs. 16, 17) to dismiss, and the plaintiffs respond (Docs. 20, 21) in opposition.

On January 4, 2024, the plaintiffs, a married couple, agreed to purchase from the Collards, another married couple and former friends of the plaintiffs, a 5.5% ownership interest in Tennis Pro Florida for $275,000. (Doc. 1 ¶¶ 4, 7; Doc. 1-2 at 1, 5). The plaintiffs allege that "[a]nother material term of the Agreement" — although conspicuously absent from the attached contract — required the defendant Mouratoglou, a renowned tennis instructor, to provide

tennis lessons to the plaintiffs' two children until each child reached eighteen years of age. (Doc. 1 ¶ 19)

On September 7, 2024, the Collards sold to Mouratoglou a 34% owner-ship interest in Tennis Pro Florida for $1,155,000. (Doc. 20-1 at 1, 9, 34) Sometime after the sale of shares to Mouratoglou, the Collards and Mouratoglou allegedly "agreed to reduce the value of Plaintiffs ownership to $90,000." (Doc. 1 ¶ 40) The plaintiffs fail to state how the defendants allegedly reduced the value of the plaintiffs' ownership.

Since the sale of shares to the plaintiffs:

> [Unspecified] Defendants have refused to deliver or transfer Plainitffs share to Plainitffs; refused to provide the tennis les-sons; refused to share the proceeds of the sale to Mouratoglou, whereas Plaintiff[s] were part owners at that time; refused to disclose or share revenue; refused to share financial documents; and refused to return Plaintiffs' money despite Plainitffs' multi-ple requests.

(Doc. 1 ¶ 44) The plaintiffs fail to explain under what legal or contractual au-thority the plaintiffs were due any of the alleged "refusals."

The remaining defendants, Mouratoglou Tennis Center Zephyrhills and Mouratoglou Academy U.S. Holdings, are owned in part by Mouratoglou. The plaintiffs fail to state how either entity is relevant to the dispute.

The complaint falls so far short of the pleading standard of Rule 8 (and especially the heightened pleading standard governing fraud and the stringent requirements governing a civil RICO claim) that a claim-by-claim analysis would serve little purpose. For this reason and because in their response to the

motion to dismiss the plaintiffs acknowledge the complaint's shortcomings, concede that they cannot state a claim under the FTC Act, and promise compliance with the applicable pleading standard in any amended complaint, the motions to dismiss are **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**. No later than **JUNE 22, 2026**, the plaintiffs may amend the complaint.

 **ORDERED** in Tampa, Florida, on June 1, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE